PEOPLE v VASQUEZ

Docket No. 69214. Submitted September 12, 1983, at Lansing.—Decided October 12, 1983. Leave to appeal denied, 419 Mich —.

Keith L. Vasquez was charged with second-degree murder. The Oakland Circuit Court, Francis X. O'Brien, J., dismissed the murder charge and substituted a charge of manslaughter. The defendant pled nolo contendere to the manslaughter charge. The people appealed from the order dismissing the murder charge. *Held:*

1. The circuit court's quashing of the second-degree murder charge should be reversed. The defendant's driving of an automobile at a grossly excessive speed, in summary disregard of traffic signals, after nightfall, on a main traffic artery of general access was such conduct as to imperil the life and limb of any police officer or uninvolved citizen in the immediate vicinity and could constitute the malice element of second-degree murder. The defendant's manslaughter conviction should be vacated and the case remanded to the trial court on the information charging the defendant with second-degree murder.

2. Voluntary intoxication does not negate the malice element of second-degree murder, a general intent crime. A trial on the charge of second-degree murder is not barred by the prohibition against double jeopardy.

Reversed and remanded.

1. HOMICIDE — SECOND-DEGREE MURDER — MALICE.

One of the elements of second-degree murder is malice, a mental state consisting of the intent to kill, cause great bodily harm, or do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm (MCL 750.317; MSA 28.549).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 40 Am Jur 2d, Homicide §§ 43, 53.
What constitutes "imminently dangerous" act within homicide statute. 67 ALR3d 900.
[3] 40 Am Jur 2d, Homicide § 129.
Modern status of the rules as to voluntary intoxication as defense to criminal charge. 8 ALR3d 1236.

2. HOMICIDE — SECOND-DEGREE MURDER — MALICE.

The driving of an automobile at a grossly excessive speed, in summary disregard of traffic signals, after nightfall, on a main traffic artery of general access may be such conduct as to imperil the life and limb of any police officer or uninvolved citizen in the immediate vicinity and could constitute the element of malice for purposes of a criminal charge of second-degree murder (MCL 750.317; MSA 28.549).

3. HOMICIDE — SECOND-DEGREE MURDER — INTOXICATION.

Voluntary intoxication does not negate the element of malice in a second-degree murder charge because such a crime is a crime of general intent (MCL 750.317; MSA 28.549).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *John L. Kroneman,* Assistant Prosecuting Attorney for the people.

*Michael J. Modelski,* for defendant on appeal.

Before: BRONSON, P.J., and CYNAR and SHEPHERD, JJ.

PER CURIAM. Defendant pled nolo contendere to one count of manslaughter, MCL 750.321; MSA 28.553, and was sentenced to from 9-1/2 to 15 years imprisonment. The people appeal as of right a prior quashing of an information charging defendant with second-degree murder, MCL 750.317; MSA 28.549.

Testimony received at the preliminary examination showed that on April 30, 1982, at approximately 2:15 a.m., defendant commandeered a police car and fled the custody of the Detroit Police Department. He was at that time under arrest for felonious assault and had been handcuffed. Defendant initiated a high speed chase northbound on

Woodward Avenue, collecting several police vehicles in his wake.

According to the testimony of three police officers, defendant drove his stolen squad car at speeds approaching, or in excess of, 100 mph. This was more than twice the posted speed limits, and traffic on the affected stretch of Woodward Avenue was described as moderate to heavy for that time of night. Defendant drove through several red traffic signals and police roadblocks.

At some point near the intersection of Woodward Avenue with 12 Mile and 13 Mile Roads in the City of Royal Oak, defendant veered to the right and struck a motorcycle, killing its driver. The impact resulted in an explosion and fused the motorcycle with the front of the stolen car. When the car coasted to a stop, both the motorcycle and the front end of the vehicle were engulfed in flames.

Following the preliminary examination, defendant was bound over on a charge of second-degree murder. Defendant then filed a motion in circuit court to quash the information, alleging that the evidence presented at the preliminary examination did not show malice. The circuit judge agreed with defendant, dismissed the murder charge, and substituted in its stead a charge of manslaughter. An order to this effect was entered on December 22, 1982. On that same day, defendant tendered a plea of nolo contendere to the manslaughter charge, asserting as a basis for the plea that his memory of the event was obscured by drug and alcohol intoxication and that he feared civil litigation. The plea was accepted over the objection of the prosecutor, who indicated that an appeal would be taken from the order dismissing the murder charge.

Our review of the evidence submitted at the preliminary examination convinces us that the magistrate did not abuse his discretion by binding defendant over on a charge of second-degree murder; we therefore reverse the circuit court's quashing of this charge.

One of the elements of second-degree murder is "malice", a mental state consisting of "the intent to kill, to cause great bodily harm, or to do an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm". *People v Woods,* 416 Mich 581, 627; 331 NW2d 707 (1982). We find sufficient evidence that defendant's actions on the morning of April 30, 1982, were indicative of the third mental state described by the Court in *Woods.*

The driving of an automobile at a grossly excessive speed, in summary disregard of traffic signals, after nightfall, on a main traffic artery of general access, was such conduct as to imperil the life and limb of any police officer or uninvolved citizen in the immediate vicinity.

This view draws support from the decision of this Court in *People v Goodchild,* 68 Mich App 226; 242 NW2d 465 (1976), *lv den* 397 Mich 830 (1976). The holding in *Goodchild* demonstrates that the element of malice may be found where a defendant attempts to elude capture by using an automobile in a dangerous fashion. Although in that case the defendant forced pursuing officers off the road, we find this defendant's actions to be equally contemptuous of human life and safety. By motoring at high speed through signal-controlled intersections, defendant risked colliding either with northbound traffic on Woodward Avenue halting to observe the red lights, or traffic crossing Woodward Avenue with a favorable light.

We have no difficulty finding that, on the strength of the evidence produced, defendant acted in wilful and wanton disregard of this risk. Contrary to defendant's contention on appeal, the element of malice could fairly be found even if defendant's sole intent had been to elude capture.

Defendant's plea-based conviction and sentence on the manslaughter charge is vacated and the case remanded for trial on the information charging second-degree murder.

Defendant's claims that he may not now be tried for murder are rejected. Voluntary intoxication does not negate the malice element of second-degree murder because it is a crime of general intent. *People v Langworthy,* 416 Mich 630; 331 NW2d 171 (1982). Under these facts, trial on the information is not barred by double jeopardy. See *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115; 215 NW2d 145 (1974).

Reversed and remanded.