PEOPLE v MILLER

Docket No. 130534. Submitted December 9, 1992, at Detroit. Decided
     March 1, 1993, at 10:25 A.M. Leave to appeal sought.
     Carlen B. Miller, charged with second-degree murder, was con-
     victed of involuntary manslaughter by a jury in the Macomb
     Circuit Court, John B. Bruff, J., in connection with the death of
     his girl friend in an automobile accident. The evidence offered
     at trial included testimony by a witness that the defendant on
     six prior occasions had driven his car recklessly after arguing
     with the decedent in order to punish or intimidate her. The
     defendant appealed, claiming that the trial court abused its
     discretion in admitting the testimony and erred in denying a
     directed verdict of acquittal on the second-degree murder
     charge.
         The Court of Appeals held:
         1. Evidence of a prior similar act may be admitted under
     MRE 404(b) where, as in this case, there is substantial evidence
     that the defendant committed the similar act; there is some
     special quality of the act that tends to prove the defendant's
     identity, or the motive, intent, absence of mistake or accident,
     scheme, plan, or system, and opportunity, preparation, and
     knowledge; one or more of these factors are material to the
     defendant's guilt of the charged offense; and the probative
     value of the evidence sought to be introduced is not substan-
     tially outweighed by the danger of unfair prejudice.
         2. The trial court, in denying a directed verdict on the
     second-degree murder charge, did not err in rejecting the claim
     that insufficient evidence of second-degree murder was pre-
     sented. Viewing the evidence in the light most favorable to the
     prosecution, a rational trier of fact could have found that the
     elements of the charged crime were proven beyond a reason-
     able doubt.
         Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Carl J. Marlinga,* Prose-
cuting Attorney, *Robert J. Berlin,* Chief Appellate

Lawyer, and *Richard J. Goodman,* Assistant Prosecuting Attorney, for the people.

*Robert H. Roether,* for the defendant.

Before: SHEPHERD, P.J., and BRENNAN and L. P. BORRELLO,* JJ.

SHEPHERD, P.J. Defendant was originally charged with second-degree murder, MCL 750.317; MSA 28.549, for the death of Lisa Marie Eagling as a result of injuries sustained in an automobile collision on March 23, 1989. Following a jury trial, defendant was convicted of the lesser included offense of involuntary manslaughter, MCL 750.321; MSA 28.553, and sentenced to a prison term of eight to fifteen years. Defendant now appeals as of right, and we affirm.

Defendant claims that the trial court abused its discretion in admitting under MRE 404(b) testimony regarding defendant's reckless driving on prior occasions. We disagree.

We will find an abuse of discretion only if an unprejudiced person, considering the facts upon which the trial court made its decision, would conclude that there was no justification for the ruling made. *People v Rockwell,* 188 Mich App 405, 410; 470 NW2d 673 (1991).

MRE 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

Evidence of a prior similar act may be admitted under MRE 404(b) where: (1) there is substantial evidence that the defendant committed the similar act; (2) there is some special quality of the act that tends to prove the defendant's identity or the motive, intent, absence of mistake or accident, scheme, plan, or system, and opportunity, preparation, and knowledge; (3) one or more of these factors are material to the defendant's guilt of the charged offense; and (4) the probative value of the evidence sought to be introduced is not substantially outweighed by the danger of unfair prejudice. *People v Golochowicz,* 413 Mich 298, 307-309; 319 NW2d 518 (1982); see also *People v Engelman,* 434 Mich 204; 453 NW2d 656 (1990).

In the case at bar, the trial court did not abuse its discretion in allowing evidence of prior occasions when defendant drove recklessly while intoxicated. First, there was substantial evidence that defendant committed the prior acts. Debra Prewitt testified about six prior occasions when defendant drove his car recklessly after arguing with Lisa Eagling in order to punish or intimidate her.

Second, the prior acts were introduced by the prosecutor to show that defendant drove recklessly on the night of March 23, 1989, because he was angry with Lisa Eagling and wanted to punish her. After arguing with Lisa because she wanted to leave a party, defendant, though intoxicated, took her home, speeding down Nine Mile Road in Warren, straddling lanes, and running red lights before colliding with another vehicle that was lawfully proceeding through an intersection.

Furthermore, defendant's reckless driving on

previous occasions was material under the third prong of the *Golochowicz* test in showing that defendant was guilty of second-degree murder. Under MRE 404(b), the word "material" means that one of the listed factors in the rule has been made an issue in the case by one of the parties or is a contested element of the offense or of the defense. In this case, the prosecutor was required to prove intent and the defendant raised lack of intent as a defense. The state of mind of the defendant was, therefore, material under MRE 404(b).

To establish the elements of second-degree murder, the prosecution must show "malice," a mental state consisting of "the intent to kill, to cause great bodily harm, or to do an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *People v Vasquez,* 129 Mich App 691, 694; 341 NW2d 873 (1983). Here, defendant's reckless driving on these prior occasions indicated that he wilfully and wantonly disregarded the likelihood that death or great bodily harm could result on the night in question. *Id.,* pp 694-695.

Finally, the probative value of Prewitt's testimony was not substantially outweighed by the danger of unfair prejudice. *People v Morris,* 139 Mich App 550, 557; 362 NW2d 830 (1984). Granted, the evidence in question is damaging to defendant. However, in the absence of the evidence, defendant would be able to falsely portray himself as the loving, caring boyfriend who simply made an unfortunate mistake. On balance, the admission of the contested evidence has a greater probability of leading to the truth than would its exclusion.

Defendant also claims that the trial court erred in denying a defense motion for a directed verdict

because there was insufficient evidence that defendant possessed the necessary intent to warrant the submission of the second-degree murder charge to the jury. We again disagree.

When ruling on a motion for a directed verdict, the trial court must consider the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the charged crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), cert den 449 US 885 (1980).

In this case, the evidence, viewed in a light most favorable to the prosecution, showed the element of malice. Defendant's reckless driving on the night in question evidenced a wilful and wanton disregard of the likelihood that he would cause death or great bodily harm. *Vasquez, supra,* pp 694-695.

Affirmed.