*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

JASON TYRONE COLLIER,

        Defendant-Appellee.

UNPUBLISHED
August 18, 2022

No. 359311
Macomb Circuit Court
LC No. 2021-000626-FH

Before: GADOLA, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendant was bound over to the circuit court on charges of possession with intent to deliver methamphetamine, MCL 333.7401(2)(b)(*i*), possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), and maintaining a drug house, MCL 333.7405(1)(d); MCL 333.7406. The circuit court granted defendant's motion to quash the bindover and dismissed the charges. The prosecution appeals as of right. We reverse and remand to the circuit court for reinstatement of the charges against defendant.

## I. FACTS

On November 4, 2020, police executed a search warrant at an apartment in Harrison Township, Michigan, registered to Anisha Greer. They found defendant alone in the residence. Upon searching defendant, the officers found over $2,000. Upon searching the residence, police discovered a lockbox containing methamphetamine, cocaine, scales, and packaging material. Defendant was arrested and charged with possession with intent to deliver methamphetamine, MCL 333.7401(2)(b)(*i*), possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), and maintaining a drug house, MCL 333.7405(1)(d); MCL 333.7406.

At the preliminary examination before the district court, Officer Brandon Cawley of the St. Clair Shores Police Department testified that when he entered the residence to execute the search warrant, he saw defendant leave a bedroom in the back of the house. In the bedroom, Officer Cawley discovered a lockbox behind a dresser; the lockbox contained two digital scales, packaging material, a bag containing 6.94 grams of methamphetamine, and a bag containing 8.80 grams of cocaine. The officer found the keys to the lockbox on top of the dresser next to the keys for

-1-

defendant's vehicle, which was parked outside the residence. Officer Cawley testified that the amount of narcotics found together with the other items indicated that the narcotics were not for personal use, but were intended for sale. He estimated that the narcotics would sell for $1,600 to $2,000. Officer Cawley also testified that he had seen defendant at the residence multiple times before he executed the search warrant, that he had seen defendant at the residence at night, and had seen defendant entering and exiting the residence alone using a key. Officer Cawley testified that men's clothing found in the residence appeared to be defendant's size.

Detective Kevin Cynowa of the St. Clair Shores Police Department testified that he assisted in executing the search warrant. He found defendant's identification and cell phone in the kitchen where he also found packaging material in a cabinet. He found more packaging material in defendant's vehicle parked outside the house. He testified that he had seen defendant's vehicle at the residence on previous occasions late at night and early in the morning. Detective Cynowa further testified that police had recovered drugs from the house on at least two separate dates before the search warrant was executed, and that defendant was present on at least one of those dates.

At the conclusion of the preliminary examination, the district court bound defendant over to circuit court for trial on the charges. In the circuit court, defendant filed a motion to quash the bindover arguing that at the preliminary examination the prosecution failed to present evidence sufficient to bind defendant over on the charges. The circuit court granted defendant's motion, quashed the bindover, and dismissed the charges against defendant, finding that the prosecution failed to present sufficient evidence at the preliminary examination to support convictions on the charges, and that there was not a "sufficient nexus" to bind the defendant over. The prosecution now appeals.

## II. DISCUSSION

The prosecution contends that the circuit court erred by quashing the district court's bindover and dismissing the charges against defendant. We agree.

## A. STANDARD OF REVIEW

When reviewing a district court's bindover decision, this Court reviews the district court's decision without deference to the circuit court's subsequent decision to quash the bindover. *People v Norwood*, 303 Mich App 466, 468; 843 NW2d 775 (2013). We review the district court's decision to bind the defendant over on charges for an abuse of discretion, *People v Fairey*, 325 Mich App 645, 649; 928 NW2d 705 (2018), and do not overturn the district court's decision absent an abuse of that discretion. *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016). The district court abuses its discretion when its decision falls outside the range of principled outcomes. *Id.* To the extent that the district court's ruling is based upon a question of law, we review the ruling de novo. *People v Magnant*, 508 Mich 151, 161; 973 NW2d 60 (2021).

## B. PROBABLE CAUSE

To bind a defendant over to the circuit court for trial, the district court must find probable cause to believe that the defendant committed a felony. *Magnant*, 508 Mich at 161. To find probable cause, there must be evidence presented on each element of the crime charged or evidence from which the elements may be inferred, *People v Anderson*, 501 Mich 175, 181-182; 912 NW2d

503 (2018), quoting *Seewald*, 499 Mich at 116, that would "cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the defendant's guilt." *Magnant*, 508 Mich at 161 (quotation marks and citation omitted).

The standard of probable cause required at a preliminary examination "is not a very demanding threshold." *People v Lewis*, ___ Mich ___, ___; 975 NW2d 450 (2022) (quotation marks and citation omitted). At the conclusion of a preliminary examination, the district court must determine whether there is probable cause that the defendant committed a crime, which by definition requires the district court "to settle or decide by choice of alternatives or possibilities." *Anderson*, 501 Mich at 183 (quotation marks and citation omitted). Probable cause to bind the defendant over on the charges may exist regardless of whether the evidence conflicts or whether there is reasonable doubt of the defendant's guilt. *Lewis*, ___ Mich at ___; 975 NW2d at 450. Circumstantial evidence and reasonable inferences arising from the evidence may be sufficient to establish probable cause. *People v Henderson*, 282 Mich App 307, 312; 765 NW2d 619 (2009). "If the evidence conflicts or raises a reasonable doubt, the defendant should be bound over for trial, where the questions can be resolved by the trier of fact." *Id*.

## 1. POSSESSION WITH INTENT TO DELIVER

In this case, defendant was charged with possession with intent to deliver methamphetamine, MCL 333.7401(2)(b)(*i*), possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), and maintaining a drug house, MCL 333.7405(1)(d); MCL 333.7406. MCL 333.7401(1) provides that "[e]xcept as authorized by this article, a person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance . . . ." With respect to the charge of possession with intent to deliver methamphetamine, MCL 333.7401(2)(b)(*i*) provides that a person who violates that section as to:

> (*i*) A substance described in section 7212(1)(h) or 7214(c)(*ii*) is guilty of a felony punishable by imprisonment for not more than 20 years or a fine of not more than $25,000.00, or both.

Methamphetamine is a controlled substance described in MCL 333.7214(c)(*ii*). To convict a defendant of possession with intent to deliver methamphetamine, the prosecution must prove that the defendant knowingly or intentionally possessed methamphetamine, see *People v Baham*, 321 Mich App 228, 247; 909 NW2d 836 (2017), and intended to deliver it to someone else. See *People v Robar*, 321 Mich App 106, 115; 910 NW2d 328 (2017).

Similarly, MCL 333.7401(2)(a)(*iv*) provides that a person who violates that section as to:

> (a) A controlled substance classified in schedule 1 or 2 that is a narcotic drug or a drug described in section 7214(a)(*iv*) and:
>
> * * *
>
> (*iv*) Which is in an amount less than 50 grams, of any mixture containing that substance is guilty of a felony punishable by imprisonment for not more than 20 years or a fine of not more than $25,000.00, or both.

Cocaine is a controlled substance included in schedule 2 pursuant to MCL 333.7214(a)(*iv*). The elements of possession with intent to deliver cocaine under this section are that the defendant, not being authorized to do so, knowingly possessed cocaine in a mixture weighing less than fifty grams and intended to deliver it to another person. *Robar*, 321 Mich App at 117.

A person may be guilty of possessing a controlled substance even if he or she did not have actual physical possession of it. *Wolfe*, 440 Mich at 519-520. However, merely being present at a location where drugs are discovered is insufficient alone to establish possession. Instead, an additional connection between the controlled substance and the defendant must be shown. *Id*. at 520. "The element of possession . . . requires a showing of dominion or right of control over the drug with knowledge of its presence and character." *Baham*, 321 Mich App at 247 (quotation marks and citation omitted). "Possession may be either actual or constructive," and may also "be joint, with more than one person actually or constructively possessing a controlled substance." *Wolfe*, 440 Mich at 520. "The essential issue is whether the defendant exercised dominion or control over the substance." *Baham*, 321 Mich App at 247-248 (quotation marks and citation omitted).

As noted, the elements of a crime may be established by circumstantial evidence and reasonable inferences arising from that evidence. *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018). In addition, minimal circumstantial evidence may satisfy the intent element of the crime. *People v Smith*, 336 Mich App 297, 308; 970 NW2d 450 (2021). Intent to deliver may be inferred from the quantity of narcotics in a defendant's possession, the manner in which the narcotics are packaged, and the circumstances surrounding the arrest. *Robar*, 321 Mich App at 126.

In this case, at the preliminary examination the prosecution presented evidence sufficient to establish probable cause that defendant knowingly possessed with the intent to deliver methamphetamine and the requisite amount of cocaine. With regard to the element of possession, evidence was presented that defendant had an additional connection to the narcotics beyond his mere presence in the same location. Defendant was the only person in the residence where the narcotics were discovered when police executed the search warrant. Officers had seen defendant on other occasions entering the residence alone with a key, and occupying the residence late at night and in the early morning. When police entered the residence, defendant was seen emerging from a bedroom where the narcotics were discovered in a lockbox behind a dresser. The keys to the lockbox were on top of the dresser next to defendant's vehicle keys. Detective Cynowa testified that police recovered drugs from the residence on two separate dates before the search warrant was executed, and defendant was present on at least one of those dates. Reasonable inferences arising from this evidence include that defendant had access to the residence and used the bedroom to store items belonging to him, such as his vehicle keys, supporting the further inference that defendant placed the lockbox containing narcotics, scales, and packaging materials behind the dresser upon entering the house and placed the lockbox keys and his vehicle keys together on top of the dresser.

With regard to intent to deliver, the lockbox contained the two bags of narcotics, two digital scales, and packaging material. Additional packaging material was found in the kitchen where defendant's phone and identification were found on the kitchen table. Additional packaging material was found in defendant's vehicle outside the residence, and defendant had over $2,000

on his person. Officer Cawley testified that the amount of narcotics found together with the packaging materials indicated that these narcotics were intended for sale. From this evidence, it is reasonable to infer that defendant intended to sell the narcotics to others.

The prosecution thus presented evidence on each element of the charges of possession with intent to deliver, or evidence from which the elements may be inferred, thus establishing probable cause. See *Anderson*, 501 Mich at 181-182. In other words, the evidence presented was sufficient to "cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the defendant's guilt." *Magnant*, 508 Mich at 161 (quotation marks and citation omitted). Again, the standard of probable cause required at a preliminary examination "is not a very demanding threshold," and probable cause to bind a defendant over on the charges may exist regardless of whether the evidence conflicts or whether there is reasonable doubt of the defendant's guilt. *Lewis*, ___ Mich at ___; 975 NW2d at 450 (quotation marks and citation omitted). When the evidence "raises a reasonable doubt, the defendant should be bound over for trial where the questions can be resolved by the trier of fact." *Henderson*, 282 Mich App at 312. Accordingly, the district court did not abuse its discretion by finding probable cause that defendant possessed with intent to deliver methamphetamine and less than 50 grams of cocaine.

## 2. MAINTAINING A DRUG HOUSE

The prosecution further argues that there was sufficient evidence presented to support the bindover on the charge of maintaining a drug house, MCL 333.7405(1)(d); MCL 333.7406. We agree. MCL 333.7405(1)(d) provides that a person shall not:

> Knowingly keep or maintain a store, shop, warehouse, dwelling, building, vehicle, boat, aircraft, or other structure or place that is frequented by persons using controlled substances in violation of this article for the purpose of using controlled substances or that is used for keeping or selling controlled substances in violation of this article.

"The phrase 'keep or maintain' implies usage with some degree of continuity that can be deduced by actual observation of repeated acts or circumstantial evidence . . . ." within the meaning of MCL 333.7405(1)(d). *People v Thompson*, 477 Mich 146, 155; 730 NW2d 708 (2007). A person "may be deemed to keep and maintain a drug house if that person has the ability to exercise control or management over the house," although "not all persons who have some control over a property necessarily fall within the ambit of that meaning." *People v Bartlett*, 231 Mich App 139, 152; 585 NW2d 341 (1998).

In this case, evidence introduced at the preliminary examination supported a finding of probable cause that defendant had "the ability to exercise control or management over the house." *Bartlett*, 231 Mich App at 152. Defendant was alone in the residence at the time the search warrant was conducted. Defendant had been seen on other occasions entering the home alone with a key. In the residence, police found defendant's cell phone and identification in the kitchen, and discovered his vehicle keys on a dresser in a bedroom, supporting the inference that defendant had the ability to enter the home and use the entire home without anyone else present. There thus was sufficient circumstantial evidence to support a finding of probable cause that defendant exercised control or management over the residence.

With regard to the degree of continuity of the maintaining of the drug house, there was circumstantial evidence that there was more than an isolated act of selling drugs at the residence. The presence of two digital scales, packaging materials, narcotics, and a large amount of cash suggests that more than one transaction occurred at the residence. In addition, the officers testified that police recovered drugs from this residence on two separate dates before the search warrant was executed, and defendant was present during at least one of the occurrences. The district court therefore did not abuse its discretion by finding probable cause sufficient to bind defendant over for trial on the charge of maintaining a drug house.

Reversed and remanded for reinstatement of the charges against defendant. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly