*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 12, 2023

Plaintiff-Appellant,

v

No. 359694
Wayne Circuit Court
LC No. 21-004493-01-FH

ZACKARY SPENCER DAHLKA-ARREDONDO,

Defendant-Appellee.

Before: M. J. KELLY, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals by right the circuit court's order granting defendant's motion to quash the bindover and dismissing without prejudice the charge of reckless driving causing death, MCL 257.626(4). We reverse and remand for further proceedings consistent with this opinion.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant was charged with reckless driving causing death after rear-ending decedent's vehicle while it was stopped at a red light, causing decedent's death. A crash investigator testified at the preliminary examination that the day in question had been a dry, cold, sunny day, with no precipitation; additionally, the road at the site of the accident was free of structural defects such as large cracks or potholes. Although defendant told a responding officer that he had attempted to brake to avoid hitting decedent's car and that his brakes did not work, the crash investigator examined defendant's truck and determined that the brakes were functional.

Woodhaven Police Sergeant Gabe Vickey also testified regarding the data he recovered from defendant's vehicle's crash data recorder. Sergeant Vickey testified that five seconds before the airbag deployed (as a result of impacting the decedent's vehicle) defendant's vehicle was traveling 63 miles per hour and defendant's foot was on the accelerator. Defendant's foot remained on the accelerator, and the truck's speed remained constant, until a half-second before impact, when defendant's foot was on neither the accelerator nor the brake pedal; the vehicle's speed was still 62 miles per hour. At the moment of impact, the crash data recorder registered that defendant's foot was on the brake and that his vehicle was traveling 53 miles per hour. The steering wheel

position stayed fairly consistent until approximately the last half-second of driving, at which point it turned sharply.

Surveillance camera footage showed that the decedent's vehicle had been stopped at the red light for 11 seconds before the crash, and that the light had been red for 37 seconds before the collision. The posted speed limit for the area where the crash occurred was 45 miles per hour.

The district court bound defendant over on the charge of reckless driving causing death. Defendant subsequently filed a motion to quash the bindover in the circuit court, arguing that there was insufficient evidence to establish that defendant had driven his vehicle with a willful or wanton disregard for safety. After a hearing, the circuit court granted defendant's motion, holding that the question of whether defendant's conduct rose to the level of recklessness was a question of law, and concluding that the evidence was insufficient to support the bindover. This appeal followed.

## II. STANDARD OF REVIEW

We generally review for an abuse of discretion a circuit court's decision regarding a motion to quash an information. *People v Burkman*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket Nos. 356600 and 356602); slip op at 7. However, in the context of reviewing a district court's bindover decision, our review is de novo to determine whether the district court abused its discretion; we give no deference to a circuit court's findings in its review of that decision. *People v Norwood*, 303 Mich App 466, 468; 843 NW2d 775 (2013) (quotation marks and citation omitted). An abuse of discretion occurs when a court's "decision falls outside the range of principled outcomes." *People v Scott*, 324 Mich App 459, 462; 924 NW2d 252 (2018) (quotation marks and citation omitted). "A trial court necessarily abuses its discretion when it makes an error of law." *People v Gerhard*, 337 Mich App 680, 685; 976 NW2d 907 (2021) (quotation marks and citation omitted). "Absent an abuse of discretion, a reviewing court should not disturb the district court's bindover decision." *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016). If a lower court's decision to quash an information is based on an interpretation of law, it is reviewed de novo. *People v Miller*, 288 Mich App 207, 209; 795 NW2d 156 (2010).

## III. ANALYSIS

Plaintiff argues that the evidence at the preliminary examination established probable cause to find that defendant acted with willful or wanton disregard for the safety of others. We agree.

If the evidence presented at the preliminary examination establishes probable cause that a felony was committed and that the defendant committed it, the defendant should be bound over for trial. *People v Hawkins*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357068); slip op at 8-9. "Probable cause requires a quantum of evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003) (quotation marks and citation omitted).

The elements of reckless driving causing death are (1) that the defendant operated a vehicle upon a highway, (2) in willful or wanton disregard for the safety of persons or property, (3) causing the death of another person. *People v Jones*, 497 Mich 155, 166-167; 860 NW2d 112 (2014). In

this case, the only disputed element at the preliminary examination was whether defendant acted with willful or wanton disregard for the safety of persons or property. More than ordinary negligence is needed to satisfy this element, *People v Carll*, 322 Mich App 690, 695; 915 NW2d 387 (2018), yet the standard of proof is lower than that for gross negligence. *People v Fredell*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 351971); slip op at 9. Willful and wanton disregard means "knowingly disregarding the possible risks to the safety of people or property," *Carll*, 322 Mich App at 695, or conduct that results in "a plain and strong likelihood" that death or bodily harm will result. *People v Goecke*, 457 Mich 442, 466-467; 579 NW2d 868 (1998). A willful or wanton disregard for speeding and running red lights can show willful and wanton disregard for safety. See *People v Miller*, 198 Mich App 494, 496-497; 499 NW2d 373 (1993).

In this case, defendant was driving 18 mph over the speed limit, approached the decedent's vehicle (which was stopped at a red light) at a consistent speed, and crashed into the decedent's vehicle. The crash data recovered from defendant's vehicle supports the inference that defendant took no action to avoid the collision with decedent's car until one-half second before impact. These facts all support a conclusion that defendant was driving recklessly. See *Carll*, 322 Mich App at 696-697. Although, unlike the defendant in *Carll*, there was some evidence that defendant attempted to avoid the collision at the very last (half) second, the evidence is sufficient to "cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief" that defendant was driving in a manner that gave rise to "a plain and strong likelihood" that death or bodily harm would result. *Yost*, 468 Mich at 126; *Goecke*, 457 Mich at 466-467. The evidence supports the inference that defendant, despite driving at over 60 miles per hour on a road with traffic lights, either did not notice or took no action to avoid a car stopped at a light until, at most, one-half second before the impact, at which point it was too late to take significant action to avoid the collision. There was nothing in the record to indicate that defendant was prevented from trying to stop sooner, or that decedent's car or the traffic light was obscured from view in any way.

Because a fact-finder could reasonably conclude that defendant drove with willful or wanton disregard for safety, the district court did not abuse its discretion in binding defendant over for trial. We therefore reverse the circuit court's decision to grant the motion to quash the information. *Norwood*, 303 Mich App at 468.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle