*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 23, 2024

Plaintiff-Appellee,

v

No. 368918
Oakland Circuit Court

MAKSIM YURYEVICH BELYY,

LC No. 2022-282113-FH

Defendant-Appellant.

Before: BORRELLO, P.J., and SWARTZLE and YOUNG, JJ.

PER CURIAM.

Defendant was driving with a suspended license when the trailer attached to his truck disconnected and crashed into the victim's vehicle, resulting in the victim's death. Defendant was charged with operating a motor vehicle while license suspended or revoked (OWLS) causing death, MCL 257.904(4), and the charge was bound over to the circuit court following a preliminary hearing. When the circuit court denied defendant's motions to quash and to dismiss the general information, defendant filed this interlocutory appeal. We reverse and remand for proceedings consistent with this opinion.

## I. BACKGROUND

The facts in this case primarily come from testimony provided at the preliminary examination. Officer Damon Bryant, of the Southfield Police Department, testified that he responded to the crash on Nine Mile Road on December 9, 2021. When he arrived, he saw a white Subaru, a red truck, and a utility trailer. Defendant told Officer Bryant that he had been driving the red truck on Nine Mile Road when the utility trailer detached from the truck. The trailer traveled into oncoming traffic and struck the white Subaru. Officer Bryant learned that defendant's driver's license was suspended. Officer Bryant additionally administered field sobriety tests and a preliminary breathalyzer test, but did not detect any signs that defendant was impaired by drugs or alcohol. Officer Bryant testified that he did not learn any information that defendant had driven in a manner that caused the accident.

Accident Investigator Scott Dickey, of the Southfield Police Department, testified that he arrived at the scene approximately 30 minutes after the crash. Investigator Dickey saw that the

-1-

trailer was carrying a boiler, yard equipment, leaves, lumber, and other items. Investigator Dickey also saw a fresh, broken weld on the tongue of the trailer. Defendant later told Investigator Dickey that he had purchased the trailer from a man using Facebook Marketplace one or two months before the crash. Approximately one week after purchasing the trailer, defendant hired someone off of Facebook Marketplace to repair the tongue of the trailer. Defendant told Investigator Dickey that, on the date of the accident, defendant had been driving and his "trailer busted away" from his truck and hit the victim's vehicle.

Investigator Dickey additionally testified that the trailer was properly connected to the truck, and he did not find any evidence that defendant was speeding, disregarded a traffic control device, lost control of the truck, was weaving, failed to brake, drove the wrong way in traffic, was being inattentive, or was driving erratically.

The district court found that "but for defendant's operation of the vehicle, in this case in violation of the law, the death of the victim would not have occurred." The district court bound over the case to the circuit court.

Defendant moved to quash the information in the circuit court, arguing that the prosecutor failed to establish that defendant's operation of the motor vehicle was the proximate cause of the victim's death and that the tongue-weld failure was an intervening cause that severed the causal link between defendant's operation of the motor vehicle and the victim's death. The prosecutor opposed defendant's motion. The circuit court held that "but for Defendant's operation of the vehicle (including attaching, loading, and pulling the trailer on the highway), the death would not have occurred, and that it is reasonably foreseeable that attaching and loading a trailer Defendant knew or should have known was compromised created a risk to others."

Defendant then moved to dismiss the information, relying on *People v Otto*, ___ Mich App ___ ; ___ NW3d ___ (2023) (Docket No. 362161), which this Court issued after the circuit court denied defendant's motion to quash. The prosecutor opposed the motion, and the circuit court again denied defendant's motion.

Defendant now appeals.

## II. ANALYSIS

"A circuit court's review of the bindover decision involves examination of the entire preliminary examination record, and it may not substitute its judgment for that of the lower court." *People v Norwood*, 303 Mich App 466, 468; 843 NW2d 775 (2013). This Court, however, "reviews de novo the bindover decision to determine whether the district court abused its discretion, giving no deference to the circuit court's decision." *Id*. (cleaned up). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013). Further, a trial court "necessarily abuses its discretion when it makes an error of law." *Id*. at 723. This Court reviews de novo the interpretation and application of a statute. *Norwood*, 303 Mich App at 469.

To bind over a defendant to the circuit court, a district court must find probable cause that a defendant committed a felony offense on the basis of evidence of each element of the offense. *People v Crumbley*, ___ Mich App at ___; ___ NW3d ___ (2023) (Docket Nos. 362210 &

-2-

362211); slip op at 12. The offense of OWLS causing death required the prosecutor to present evidence that: (1) defendant operated a motor vehicle; (2) defendant operated the motor vehicle on a highway or other place open to the general public; (3) at the time that defendant operated the motor vehicle, his license was suspended or revoked; and (4) defendant's operation of the vehicle caused the victim's death. MCL 257.904(1) and (4). The parties do not dispute that defendant operated a motor vehicle on a road open to the public while his license was suspended or that the victim died as a result of the crash. The parties dispute, however, whether defendant's operation of the vehicle caused the victim's death and whether the trailer tongue breaking was a superseding event.

The causation element of an offense is generally comprised of both factual and proximate cause. *People v Schaefer*, 473 Mich 418, 435; 703 NW2d 774 (2005), overruled in part on other grounds by *People v Derror*, 475 Mich 316 (2006). "Factual causation exists if a finder of fact determines that 'but for' defendant's conduct the result would not have occurred." *People v Feezel*, 486 Mich 184, 194-195; 783 NW2d 67 (2010). The existence of factual causation alone, however, is not sufficient to impose criminal liability. *Id*. at 195. Instead, the prosecutor must also establish proximate cause. *Id*. Proximate cause is "designed to prevent criminal liability from attaching when the result of the defendant's conduct is viewed as too remote or unnatural." *Schaefer*, 473 Mich at 436 (cleaned up). A finding of proximate cause requires that the victim's injury was a "direct and natural result" of the defendant's actions. *Id*. It is also necessary to determine "whether there was an intervening cause that superseded the defendant's conduct such that the causal link between the defendant's conduct and the victim's injury was broken." *Id*. at 436-437. When an intervening cause supersedes a defendant's conduct, proximate cause is lacking and criminal liability may not be imposed. *Id*. "The standard by which to gauge whether an intervening cause supersedes and thus severs the causal link, is generally one of reasonable foreseeability." *Id*. at 437.

Defendant relies on *Otto*, ____ Mich App at ___; slip op at 7, 14, in which this Court recently held that the defendant's trial counsel was ineffective for failing to move to dismiss a reckless-driving-causing-death charge when the charge "criminalize[d] the manner or nature of operation rather than the decision to operate following poor maintenance." Further, this Court held that the "sudden brake failure" superseded the defendant's conduct, breaking the causal link between the defendant's driving and the victim's death. *Id*. at ___; slip op at 15. This Court explained that there was "no dispute that [the defendant's] operation was the factual cause" of the crash, but the prosecutor "could not establish that [the defendant's] operation was the proximate cause because it was attenuated from the harm by the superseding brake failure, severing the causal chain." *Id*.

The charge in this case differs from that in *Otto* because here, MCL 257.904 criminalizes the condition of being without a license, rather than the manner of driving. *Otto*, ___ Mich App at ___ n 15; slip op at 15. This Court recognized in *Otto*, however, that an OWLS causing death charge requires a showing that a driver's operation must have caused the death, rather than the suspended license causing the death. *Id*. There is "no textual basis" to require that a defendant's suspension affected "the manner by which the defendant operate[d] the vehicle before criminal liability may be imposed." *Schaefer*, 473 Mich at 433 n 46.

The victim's death in this case was not a "direct and natural result" of the defendant's operation of the motor vehicle. *Id*. at 436. Although defendant's actions were unquestionably a factual cause of the victim's death because the crash would not have occurred "but for" defendant's operation of his motor vehicle at that time, it cannot be said that the breaking of the trailer tongue and the resulting crash was a "natural result" of defendant's action. See *id*. There was no evidence presented that defendant was driving in any improper manner at the time of the accident. Further, the breaking of the trailer tongue was an intervening cause that superseded defendant's conduct because it was not reasonably foreseeable that the trailer, which defendant had purchased, but had repaired, would break and crash into another vehicle. See *id*. at 436-437. See also *Otto*, ___ Mich App at ___ slip op at 15.

As defendant argued at the preliminary examination and now on appeal, there was no evidence presented that the welding repair was improperly or negligently performed. Instead, the evidence demonstrated that the trailer was properly connected to defendant's vehicle before the weld broke and the trailer detached. Although it is true that a district court may "rely on inference to establish probable cause for a bindover, a person of ordinary prudence and caution may not infer a fact absent any actual evidence to support the inference of that fact because mere suspicion is not the same as probable cause." *People v Simon*, 339 Mich App 568, 585; 984 NW2d 800 (2021) (cleaned up). The prosecutor did not present evidence demonstrating that it was reasonably foreseeable that the tongue weld would fail, or any evidence from which such an inference was permissible. See *id*.

The prosecutor argues that the tongue weld failure was reasonably foreseeable because the tongue was broken when defendant purchased the trailer. This position is contrary to this Court's decision in *Otto*, in which this Court held that, notwithstanding evidence that the defendant poorly maintained his vehicle, the sudden brake failure was an unforeseeable, intervening event that severed the causal link between the defendant's operation of a motor vehicle and the victim's death. *Otto*, ___ Mich App at ___; slip op at 14-15. This is particularly so because defendant had repaired the trailer tongue, and there was no evidence presented to show that defendant should have known that the repair would break. The prosecutor additionally argues that the tongue-weld failure was reasonably foreseeable because defendant loaded the trailer with heavy equipment. The prosecutor did not, however, present any evidence about the weight of the items in the trailer, any weight limitations of the trailer, or evidence that the weight of the items contributed to the weld failure. See *Simon*, 339 Mich App at 585.

## III. CONCLUSION

Therefore, the prosecutor did not establish proximate cause and the district court abused its discretion by binding over the case to the circuit court. See *Norwood*, 303 Mich App at 468. The trial court erred by failing to dismiss the general information because the prosecutor did not present evidence to establish probable cause when the breaking of the trailer tongue was a superseding event that broke the causal chain of defendant's conduct.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Brock A. Swartzle
/s/ Adrienne N. Young