PEOPLE v HOWARD

Docket Nos. 175802, 175811. Submitted June 6, 1995, at Grand
Rapids. Decided July 25, 1995, at 9:25 A.M.

John R. Howard was charged in the 52-3 District Court with the
felony of operating a motor vehicle while under the influence of
liquor (OUIL), third offense. The court, Robert L. Shipper, J.,
granted a motion by the defendant to reduce the charge to the
misdemeanor of OUIL, first offense, ruling that one of the prior
OUIL convictions had an insufficient factual basis for the defen-
dant's guilty plea. Judge Shipper had been the presiding judge
in that plea proceeding. The defendant pleaded guilty of OUIL,
first offense, and was sentenced. The Oakland Circuit Court,
Barry L. Howard, J., denied the prosecution leave to appeal.
The prosecution appealed to the Court of Appeals by leave
granted, and the defendant appealed by leave granted the
circuit court's determination that jeopardy had not attached at
sentencing for OUIL, first offense. The appeals were consoli-
dated.

The Court of Appeals held:

1. The defendant's challenge concerning the validity of the
prior plea-based OUIL conviction constitutes a collateral attack.
Collateral attacks on the validity of a prior plea are not
permitted where a defendant, as in this case, was represented
by counsel at the plea-taking proceeding.

2. Double jeopardy does not bar reinstatement of the original
charge of OUIL, third offense. Jeopardy does not attach where a
plea and sentencing occur on a reduced charge and the basis
for the reduction is later overturned on appeal.

Affirmed in part, reversed in part, and remanded to the
district court.

1. CRIMINAL LAW — GUILTY PLEAS — COLLATERAL ATTACK.

A prior conviction based on a guilty plea may not be collaterally
attacked in a subsequent proceeding where the defendant, at

REFERENCES

Am Jur 2d, Criminal Law §§ 271, 474.

See ALR Index under Collateral Attack; Double Jeopardy; Guilty
Plea.

the prior plea-taking proceeding, was represented by counsel or intelligently waived the right to counsel, including court-appointed counsel if indigent.

2. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — GUILTY PLEAS — REDUCED CHARGES — APPEAL.

Double jeopardy does not bar the reinstatement of an original charge following a guilty plea and sentencing on a reduced charge where the basis for the reduction is overturned on appeal.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Joyce F. Todd,* Chief, Appellate Division, and *Marilyn J. Day,* Assistant Prosecuting Attorney, for the people.

*Donald E. McGinnis, Jr.,* for the defendant.

Before: NEFF, P.J., and HOEKSTRA and G. SCHNELZ,* JJ.

PER CURIAM. In these consolidated cases both parties appeal by leave granted. The people appeal a circuit court order denying leave to appeal a ruling of the district court denying the people's motion to bind over defendant on a charge of operating under the influence of liquor (OUIL), third offense. Defendant appeals from that same order a finding that double jeopardy had not attached. We reverse the order of the district court refusing to bind over, affirm the circuit court's finding of no double jeopardy, and remand to the district court for further proceedings consistent with this opinion.

Defendant was charged with OUIL, third offense, pursuant to MCL 257.625(7)(d); MSA 9.2325(7)(d) in the 52-3 District Court. While the case was pending for a preliminary examination, defendant brought a "Motion to Set Aside Plea as it is used

* Circuit judge, sitting on the Court of Appeals by assignment.

for Enhancement Purposes." The motion claimed that a 1987 plea-based conviction could not be used as a basis to bind defendant over on a felony charge of OUIL, third offense, because there was an insufficient factual basis for the plea. The motion was heard by District Judge Robert L. Shipper, the same judge who accepted the 1987 guilty plea being attacked. Defendant claimed that because Judge Shipper was hearing the motion to set aside the plea he had earlier accepted, the challenge of the prior conviction did not constitute a collateral attack. The judge granted defendant's motion and ordered the charges reduced to the misdemeanor of OUIL, first offense.[1]

Subsequently, before a final order was entered granting defendant's motion and over the people's objections, the district court allowed defendant to plead guilty and be sentenced for the conviction of OUIL, first offense. Following the entry of a final order, the people sought and were denied leave to appeal in the circuit court. This Court granted leave to appeal.

I

In this case defendant was able to persuade the examining magistrate that a 1987 plea of guilty of OUIL, which was being used to enhance the pending charge to a felony, was defective because of a failure to elicit an adequate factual basis at the time of the plea. Defendant asserts that the challenge made in this case does not constitute a collateral attack because the same judge who took the plea was reviewing it in the context of the pending prosecution. We disagree.

Our Supreme Court stated in *People v Ingram*, 439 Mich 288, 293-295; 484 NW2d 241 (1992):

---

[1] Defendant's other prior conviction was more than seven years old and, therefore, could not be used to enhance the charge to OUIL, second offense, pursuant to MCL 257.625(7)(b); MSA 9.2325(7)(b).

Federal and state courts have consistently found that considerations of finality and administrative consequences must become part of the process with which we assure the achievement of proceedings that are consistent with the rudimentary demands of fair procedure. Such considerations have been found to be of particular significance in cases where courts have been confronted with the concerns surrounding the procedural issue of collateral attack of plea-based convictions. We agree and therefore hold that failure of a plea-taking court to adhere to applicable plea-taking requirements during the plea proceeding does not provide a defendant the opportunity to challenge by collateral attack. The validity of such a plea, where the defendant was represented by an attorney when entering the plea or when the defendant intelligently waived the right to counsel, including the right to court-appointed counsel if indigent, is unassailable.

*Ingram* also defined what constitutes a collateral attack:

Collateral attacks encompass those challenges raised other than by initial appeal of the conviction in question. *Id.* at 291, n 1.

Consistent with *Ingram,* we believe a collateral attack occurs whenever a challenge is made to a judgment in any manner other than through a direct appeal. Therefore, a challenge brought in any subsequent proceeding or action is a collateral attack. We find without merit defendant's reliance on the fact that the same judge presided over both cases. The fact that the same judge conducted both hearings is of no consequence in determining whether the attack was collateral. In the instant case, the motion to set aside the 1987 plea was raised in a subsequent action and is therefore a collateral attack.

Having decided the attack is collateral, we must

now determine if it is permissible on the facts of this case. Collateral attacks on the validity of a prior plea are not permitted where the defendant was represented by counsel. *Ingram, supra* at 295. Here, defendant was represented by counsel at the 1987 plea. Therefore, we conclude that the examining magistrate abused his discretion by suppressing evidence of the 1987 plea and reducing the charge to a misdemeanor.

II

Next we address defendant's claim that double jeopardy prevents reinstatement of the original felony charge of OUIL, third offense. Defendant's assertion is based on the fact that he pleaded guilty and was sentenced for the reduced misdemeanor conviction of OUIL, first offense. Defendant argues that jeopardy attaches to a guilty plea conviction at sentencing. *People v Siebert,* 201 Mich App 402, 418-419; 507 NW2d 211 (1993), aff'd 450 Mich 500; — NW2d — (1995). We disagree. When a plea and sentencing occur on a reduced charge, and the basis for the reduction is later overturned on appeal, jeopardy does not attach. MCR 6.312. *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115; 215 NW2d 145 (1974); *Siebert, supra; People v Vasquez,* 129 Mich App 691; 341 NW2d 873 (1983).

Therefore, we direct that the case be remanded to the district court and that the original felony charge of OUIL, third offense, be reinstated. Proceedings at the preliminary examination are to be conducted in conformity with this opinion.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.