# STATE OF MICHIGAN

# COURT OF APPEALS

---

CHARLES ARMSTRONG and BEVERLY A. ARMSTRONG,

       Plaintiffs-Appellants,

v

PETER JAMES MANAGEMENT, LLC, and WAYNE COUNTY,

       Defendants-Appellees,

and

CITY OF DETROIT,

       Defendant.

UNPUBLISHED
September 10, 2015

No. 321222
Wayne Circuit Court
LC No. 13-016247-CH

---

Before: TALBOT, C.J., and WILDER and FORT HOOD, JJ.

PER CURIAM.

In this suit to quiet title to real property, plaintiffs Charles Armstrong and Beverly A. Armstrong appeal as of right from an order of the trial court granting defendant Wayne County's motion for summary disposition pursuant to MCR 2.116(C)(10), quieting title in favor of defendant Peter James Management, LLC (PJM), and dismissing plaintiffs' case as to all defendants.[1] We affirm.

Wayne County filed a petition seeking to foreclose on various parcels of real estate for failure to pay 2010 property taxes. The property located at 19021 Chandler in Detroit, formerly owned by the Armstrongs, was one such property. On March 28, 2013, Judge Virgil Smith of the Wayne Circuit Court entered a judgment of foreclosure which granted the petition with regard to 19021 Chandler, among others. The Armstrongs did not contest the foreclosure

---

[1] PJM joined in Wayne County's motion. At the motion hearing, the Armstrongs agreed that because the City of Detroit was never served with the complaint, it would be appropriate to dismiss the City from the action.

-1-

proceedings or otherwise appeal Judge Smith's judgment. Wayne County thereafter sold 19021 Chandler to PJM. However, the Armstrongs continued to reside at the property. On December 18, 2013, the Armstrongs instituted the instant action by filing a complaint seeking to quiet title to 19021 Chandler. Wayne County filed a motion for summary disposition, and PJM concurred in the motion. The trial court granted the motion pursuant to MCR 2.116(C)(10). The Armstrongs now appeal.

"This Court reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law. In making this determination, the Court reviews the entire record to determine whether defendant was entitled to summary disposition."[2] A motion brought under MCR 2.116(C)(10) tests whether there is factual support for a plaintiff's claim.[3] "A court must consider the affidavits, pleadings, depositions, admissions, or any other documentary evidence submitted in a light most favorable to the nonmoving party in deciding whether a genuine issue of material fact exists."[4]

Wayne County raises a jurisdictional challenge. Wayne County argues that the order appealed is a postjudgment order stemming from the original foreclosure proceeding, and that because the Armstrongs failed to contest Judge Smith's judgment of foreclosure, this Court lacks jurisdiction over the matter. We disagree. The Armstrongs filed a separate case from the foreclosure proceeding, and appeal from the final order entered in this second case, not a postjudgment order entered in the original foreclosure matter. Because the Armstrongs filed their claim of appeal within 21 days after entry of this final order, this Court has jurisdiction.[5]

That said, the trial court did not err when it granted the motion for summary disposition. Wayne County sought to foreclose on the property, and on March 28, 2013, Judge Smith entered a judgment granting Wayne County's petition. The Armstrongs did not contest this judgment. Accordingly, by statute, the judgment is final,[6] and title to the property vested "absolutely in the foreclosing governmental unit . . . ."[7] However, this does not necessarily preclude the Armstrongs from subsequently challenging the foreclosure. Our Supreme Court has held that to the extent this statutory language could prevent a former property owner from contesting whether he or she was provided adequate notice of the foreclosure proceedings, the statute unconstitutionally deprives former property owners of due process.[8] Thus, if the Armstrongs

---

[2] *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

[3] *Kefgen v Davidson*, 241 Mich App 611, 616; 617 NW2d 351 (2000).

[4] *Id.*

[5] MCR 7.104(A)(1).

[6] MCL 211.78k(5)(g).

[7] MCL 211.78k(6).

[8] *In re Treasurer of Wayne Co for Foreclosure*, 478 Mich 1, 10; 732 NW2d 458 (2007)

could demonstrate that they were denied due process, they could challenge the foreclosure on this ground.[9]

However, the Armstrongs cannot demonstrate that they were denied due process. Where the foreclosing governmental unit complies with the statutory notice requirements, due process is satisfied.[10] By statute, "A person shall be deemed to have been provided notice and an opportunity to be heard if the foreclosing governmental unit followed the procedures for provision of notice by mail, for visits to forfeited property, and for publication under [MCL 211.]78i . . . ."[11]

Pursuant to MCL 211.78i, if a foreclosing governmental unit can determine "the address reasonably calculated to apprise the owners of a property interest," it must send notice to the owners "by certified mail, return receipt requested . . . ."[12] Wayne County presented evidence showing that it mailed notices to the Armstrongs at their home in November and December, 2012, via certified mail, return receipt requested.[13] A foreclosing entity must also make a personal visit to the property and attempt to notify any occupants of the pending foreclosure.[14] If no one is available when such an attempt is made, the foreclosing entity "shall place the notice in a conspicuous manner on the property and shall also place in a conspicuous manner on the property a notice that explains, in plain English, that the property will be foreclosed" unless delinquent taxes are paid.[15] Wayne County presented evidence that it made such an attempt, that the Armstrongs were not home at the time of the visit, and that it left a notice of the pending foreclosure in a conspicuous place, that being on a railing on the property's porch. Wayne

---

[9] *Id*. at 10-11.

[10] *Id*. at 10 and n 19. Even partial compliance may satisfy due process "[b]ecause the notice provisions provide more notice than is required to satisfy due process . . . ." *Id*.

[11] MCL 211.78k(5)(f). Even partial compliance with these requirements is acceptable "[b]ecause the notice provisions provide more notice than is required to satisfy due process . . . ." *Treasurer of Wayne Co*, 478 Mich at 10 n 19.

[12] MCL 211.78i(2).

[13] Pursuant to MCL 211.78i(5), if the foreclosing entity is unable to determine an appropriate mailing address, it may, as a substitute for mailing, publish notice once each week for three consecutive weeks "in a newspaper published and circulated in the county in which the property is located, if there is one." Such publication was not required in this instance because Wayne County was able to determine an appropriate address and mail notice to the Armstrongs. Regardless, the record demonstrates that Wayne County also published notice of the pending foreclosure in the Detroit Legal News on November 13, 20, and 27, thus satisfying the publication provision.

[14] MCL 211.78i(3).

[15] MCL 211.78i(3)(d).

County complied with the notice provisions stated in MCL 211.78i, and accordingly, the Armstrongs were not deprived of adequate due process.[16]

The Armstrongs argue that they did not actually receive any such notice, and accordingly, were deprived of adequate due process. So long as reasonable efforts are made to notify landowners of a pending foreclosure proceeding, the failure to effectuate actual notice does not preclude foreclosure.[17] Thus, evidence that the Armstrongs did not actually receive the notice provided by Wayne County does not demonstrate that they were denied due process. Because the Armstrongs failed to contest Judge Smith's March 28, 2013 judgment and cannot now demonstrate that they were deprived of adequate due process, the judgment is final and conclusive.[18] The Armstrongs' claims failed as a matter of law, and accordingly, the trial court correctly granted summary disposition in defendants' favor.

The Armstrongs argue that a question of fact exists regarding whether they paid the 2010 property taxes. Specifically, the Armstrongs argue that they did make payments and intended to pay these taxes, but that the payments were erroneously applied to 2012 property taxes. Such an argument goes to the merits of whether Wayne County could foreclose on the property, the issue decided by Judge Smith's judgment. The Armstrongs did not appeal that judgment, and their attempt to litigate the issue through a new action filed in the circuit court amounts to an impermissible collateral attack. See *People v Howard*, 212 Mich App 366, 369; 538 NW2d 44 (1995) ("[A] collateral attack occurs whenever a challenge is made to a judgment in any matter other than through a direct appeal."). Regardless, the Armstrongs' argument is without merit. The Armstrongs have provided several tax bills, each supposedly demonstrating payments intended to go toward the delinquent 2010 taxes. Each bill, however, clearly states that it is with regard to 2012 property taxes. The bills all include the same language: "This bill is for 2012 only. Prior years['] unpaid taxes/fees are billed separately." The Armstrongs have presented no evidence demonstrating that they fully paid their 2010 property taxes.[19]

The Armstrongs also argue that Wayne County, by responding to a request from the Armstrongs made under the Freedom of Information Act (FOIA), entered into a contract under which the Armstrongs were allowed further time to pay their property taxes and redeem the property. No such claim was alleged in the Armstrongs' complaint, and no such argument was made in the trial court. Issues raised for the first time on appeal need not be addressed by this

---

[16] *Treasurer of Wayne Co*, 478 Mich at 10 and n 19.

[17] *Dow v State*, 396 Mich 192, 211; 240 NW2d 450 (1976). See also *Sidun v Wayne Co Treasurer*, 481 Mich 503, 519; 751 NW2d 453 (2008), quoting *Jones v Flowers*, 547 US 220, 226; 126 S Ct 1708; 164 L Ed 2d 415 (2006) (" '[D]ue process does not require that a property owner receive actual notice before the government may take his property.' ").

[18] MCL 211.78k(5)(g); *Treasurer of Wayne Co*, 478 Mich at 10-11.

[19] The Armstrongs did submit a single receipt demonstrating that they paid $1,000 toward their delinquent 2010 property taxes. However, this payment left over $3,000 in taxes, interest, and fees unpaid.

Court.[20]  The Armstrongs also fail to cite any support for their claim that responding to a FOIA request somehow created a contract.  Appellants "may not merely announce [their] position and leave it to this Court to discover and rationalize the bases for [their] claims, nor may [they] give issues cursory treatment with little or no citation of supporting authority."[21]  The Armstrongs' "failure to properly address the merits of [their] assertion of error constitutes abandonment of the issue."[22]

      Affirmed.

/s/ Michael J. Talbot
/s/ Kurtis T. Wilder
/s/ Karen M. Fort Hood

---

[20] *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 104; 693 NW2d 170 (2005).

[21] *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003).

[22] *Id.* at 339-340.