# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MICHAEL JAY JACKSON,

Defendant-Appellant.

UNPUBLISHED
June 14, 2018

No. 336486
Kent Circuit Court
LC No. 05-009369-FC

Before: MURRAY, C.J., and MARKEY and TUKEL, JJ.

PER CURIAM.

Defendant appeals by leave granted the trial court's order denying his motion for reissuance of judgment under MCR 6.428.[1] Having found no reversible error, we affirm.

In June 2006, a jury convicted defendant of conspiracy to commit armed robbery, conspiracy to commit first-degree home invasion, first-degree home invasion, four counts of armed robbery, and five counts of felony-firearm. In July 2006, the trial court sentenced defendant, among other sentences, to life imprisonment for the armed robbery and conspiracy to commit armed robbery convictions.

On the day of sentencing, defendant completed, signed, and returned to the trial court a Notice of Right to Appellate Review and Request for Appointment of Attorney. Defendant asserted that he was indigent, and he requested an appointed appellate attorney to represent him in an appeal by right.

In August 2006, the trial court denied defendant's request for appointment of an appellate attorney. The trial court found that defendant was not indigent. It based its findings on statements in the presentence investigation report that defendant told the investigating agent that defendant "expects to receive, while incarcerated, 'residuals' from the sale of CD's produced by him before his arrest of approximately $4,500-$8,000 per month." Defendant did not appeal the August 2006 order denying his request for appointed appellate counsel.

---

[1] *People v Michael Jackson*, unpublished order of the Court of Appeals, entered May 8, 2017 (Docket No. 336486).

-1-

In March 2007, defendant filed a motion for appointment of appellate counsel, which the trial court denied in April 2007. In April 2008, defendant filed another motion for appointment of appellate counsel, which the trial court denied. Defendant did not appeal either of the trial court's orders denying his motions for appointment of appellate counsel.

Eight years later, in October 2016, defendant filed a motion for reissuance of judgment, asking the trial court to "restart the time in which to file an appeal of right, by reissuing the Judgment of Sentence . . . pursuant to MCR 6.428." In November 2016, the trial court denied defendant's motion, stating:

> Defendant filed his "motion for Reissuance of Judgment," requesting for a second time that this Court essentially reinstate his appeal of right. This Court will not grant defendant's request.
>
> As this Court stated in its April 21, 2008, Order, defendant's deadline for filing a timely application for leave to appeal expired long ago, and defendant failed to file a timely application. Furthermore, as previously stated, this Court lacks authority to reinstate defendant's right to an appeal.

Defendant now appeals the trial court's November 2016 order denying his motion to reissue judgment. Defendant argues that the trial court deprived him of the effective assistance of appellate counsel and of his appeal by right. We disagree.

We review questions of law, including statutory interpretation and constitutional issues, de novo. See *People v Steele*, 283 Mich App 472, 482, 486; 769 NW2d 256 (2009). We review a trial court's findings of fact for clear error. MCR 2.613(C). "A finding is clearly erroneous if, after reviewing the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made." *People v Galloway*, 259 Mich App 634, 638; 675 NW2d 883 (2003). We review a trial court's decision to grant or deny a motion for an abuse of discretion. See *People v Unger*, 278 Mich App 210, 221; 749 NW2d 272 (2008). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *Id*. at 217. We also note that to the extent that defendant argues that his failure to obtain appointed appellate counsel was the result of ineffective assistance of counsel, he did not move for new trial or for an evidentiary hearing.[2] Therefore, that issue is not preserved for appeal, and it is reviewed for plain error affecting defendant's substantial rights. See *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Defendant filed his motion to reissue judgment under MCR 6.428, which states:

> If the defendant did not appeal within the time allowed by MCR 7.204(A)(2) and demonstrates that the attorney or attorneys *retained or appointed to represent the defendant on direct appeal* from the judgment either disregarded the defendant's instruction to perfect a timely appeal of right, or otherwise failed

---

[2] See *People v Ginther*, 390 Mich 436, 442-443; 212 NW2d 922 (1973).

to provide effective assistance, and, but for counsel's deficient performance, the defendant would have perfected a timely appeal of right, the trial court shall issue an order restarting the time in which to file an appeal of right. [Emphasis added.]

Defendant argues that his failure to obtain appointed appellate counsel and an appeal by right stemmed from ineffective assistance by his trial counsel. Defendant claims that he informed his counsel of his desire for appointed appellate counsel and an appeal by right, but counsel failed to file a claim of appeal on defendant's behalf and failed to ensure that defendant received an appointed appellate attorney. This argument lacks merit.

The plain language of MCR 6.428 states that for the trial court to reissue a judgment, thus restarting the time period for defendant to file an appeal by right, there must have been error on part of the attorney *retained or appointed to represent defendant on direct appeal*. That is, the error in perfecting a claim of appeal must have been that of defendant's appointed or retained *appellate* attorney, not his *trial* attorney, as defendant argues in this case. Moreover, MCR 6.005(H), which outlines the duties of trial counsel, clearly provides that trial counsel's duties end after initial sentencing and do not include any duties regarding post-conviction appeals. Rather, according to MCR 6.425(G)(1)(d), it is an appointed appellate attorney's responsibility to represent defendant in post-conviction proceedings in the trial court and in this Court. Also, according to MCR 6.425(G)(3), it was the trial court's duty to file a claim of appeal for defendant, not trial counsel's. Because trial counsel did not have a duty to ensure that defendant received an appointed appellate attorney or perfect a claim of appeal, defendant has not demonstrated plain error in his argument that, but for trial counsel's failure, he would have perfected an appeal by right. Similarly, defendant's argument that the trial court failed to file a claim of appeal on his behalf as required by MCR 6.425(G)(3) is not applicable to this case. As stated, defendant filed a motion seeking relief under MCR 6.428. And as addressed, MCR 6.428 only applies to errors by appellate counsel; it does not apply to errors by the trial court. Defendant's avenue for relief, at this point, is limited to seeking relief under subchapter 6.500 of the Michigan Court Rules.

To the extent that the trial court erred in its November 2016 order denying defendant's motion to reissue judgment when it stated that it lacked authority to reinstate defendant's appeal, we conclude that such error does not require reversal. Although the trial court did have the authority under MCR 6.428 to reissue the judgment of sentence, thus reinstating defendant's appeal by right, that authority would not have been exercised in this case. Even if the trial court did analyze defendant's argument under MCR 6.428, as discussed, defendant could not have demonstrated that his failure to obtain an appeal by right was the result of ineffective assistance of appellate counsel. Therefore, we conclude that the trial court reached the correct conclusion, albeit for the wrong reason. See *People v Jory*, 443 Mich 403, 425; 505 NW2d 228 (1993) ("Where a trial court reaches the correct result for the wrong reason, its decision need not be reversed on appeal.").

The remainder of defendant's arguments on appeal focus on the trial court's alleged errors in finding that defendant was not indigent and in denying his motions for appointment of appellate counsel. Defendant, however, did not appeal the trial court's August 2006, April 2007, or April 2008 orders finding that he was not indigent and denying him appointed appellate

counsel. He only appealed the trial court's November 2016 order denying his motion to reissue judgment. Defendant cannot now maintain that the trial court erred in its various earlier orders when appealing this later order. To do so would constitute an impermissible collateral attack. If defendant believed that the trial court erred in finding that he was not indigent or erred in denying his motions for appointment of appellate counsel, then defendant should have appealed those orders. But he did not. See *People v Howard*, 212 Mich App 366, 369-370; 538 NW2d 44 (1995) ("[A] collateral attack occurs whenever a challenge is made to a judgment in any manner other than through a direct appeal. Therefore, a challenge brought in any subsequent proceeding or action is a collateral attack.").

We therefore hold that the trial court did not deny defendant his right to appointed appellate counsel, deny defendant his right to an appeal, or abuse its discretion by denying defendant's motion to reissue judgment under MCR 6.428.

We affirm.

/s/ Christopher M. Murray
/s/ Jane E. Markey
/s/ Jonathan Tukel