*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

ALBERTO RICARDO JACOBS,

        Defendant-Appellee.

UNPUBLISHED
December 29, 2022

No. 360206
Jackson Circuit Court
LC No. 21-000757-FH

Before: PATEL, P.J., and CAMERON and LETICA, JJ.

PER CURIAM.

The Jackson County Prosecutor appeals by leave granted[1] the circuit court's interlocutory order granting defendant's motion to reduce his charge of operating while intoxicated, MCL 257.625(1), third-offense (OWI-3d), MCL 257.625(11)(c). We reverse and remand.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Defendant was involved in a single-vehicle automobile accident on February 17, 2021. A police officer was dispatched to the scene where defendant's vehicle was embedded in a snowbank on the side of the road. Defendant appeared to be intoxicated, which blood tests later confirmed. He was charged as noted.

In circuit court, defendant moved to reduce the OWI-3d charge, or alternatively for a *Tucker*[2] hearing. Defendant's motion challenged the validity of his 2011 OWI conviction, arguing that the conviction could not be used as a predicate offense in this case because it was procured in violation of his Sixth Amendment right to counsel. After the circuit court held a hearing, it granted defendant's motion and entered an order reducing the charge to OWI, first-offense (OWI-1st).

---

[1] *People v Jacobs*, unpublished order of the Court of Appeals, entered August 4, 2022 (Docket No. 360206).

[2] *United States v Tucker*, 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972).

Although the prosecutor moved the circuit court to stay the lower court proceedings pending this appeal, the circuit court did not rule on the motion. Defendant later pleaded guilty in the district court to OWI-1st. This Court granted the prosecutor's application for leave to appeal after defendant had entered his guilty plea.

## II. MOOTNESS

Defendant first argues that the prosecutor's appeal is moot. In defendant's view, there remains no existing controversy because he entered a "validly accepted plea" to OWI-1st. We disagree.

## A. STANDARD OF REVIEW

"Whether an issue is moot is a question of law that this Court reviews de novo." *In re Tchakarova*, 328 Mich App 172, 178; 936 NW2d 863 (2019). In interpreting court rules, this Court employs the same principles as the interpretation of statutes, and enforces the plain language of the court rule. *People v Williams*, 483 Mich 226, 232; 769 NW2d 605 (2009). "If the plain language is clear, this Court will not engage in further construction or interpretation." *People v Owens*, 338 Mich App 101, 114; 979 NW2d 345 (2021).

## B. LAW AND ANALYSIS

It is the role of this Court to decide "actual cases and controversies." *Tchakarova*, 328 Mich App at 178 (quotation marks and citation omitted). Whether an issue is moot is a threshold question for this Court. *Id*. An issue is moot "[w]here a subsequent event renders it impossible for this Court to fashion a remedy . . . ." *People v Briseno*, 211 Mich App 11, 17; 535 NW2d 559 (1995). An issue may also be deemed moot "if this Court's ruling cannot for any reason have a practical legal effect on the existing controversy. *Tchakarova*, 328 Mich App at 178 (quotation marks and citation omitted).

Defendant argues that this appeal is moot because the circuit court did not stay the lower court proceedings and defendant has already pleaded guilty to the reduced charge—therefore, there is no relief that this Court can grant to the prosecutor. Defendant seems to suggest that his guilty plea precludes this Court's authority to vacate his plea and remand the case to the trial court.

Defendant misconstrues this Court's authority. Our authority to vacate a guilty plea and remand a case to the trial court is found in the court rules. MCR 6.312 states, in relevant part: "If a plea is . . . vacated by . . . an appellate court, the case may proceed to trial on any charges that had been brought or that could have been brought against the defendant if the plea had not been entered." Moreover, Michigan caselaw evidences our authority to vacate a plea. For example, in *People v Howard*, 212 Mich App 366, 367; 538 NW2d 44 (1995), the defendant was charged with OWI-3d. The defendant successfully challenged an earlier OWI conviction and he pleaded guilty to a reduced charge of OWI-1st. *Id*. On appeal, this Court concluded the defendant's challenge to his earlier conviction lacked merit. *Id*. at 370. We vacated the plea and ordered the trial court to reinstate the OWI-3d charge. *Id*.

This Court has authority to vacate a plea under these circumstances. We therefore reject defendant's contention that this issue is moot.

### III. CHARGE REDUCTION

The prosecutor argues the circuit court erred in granting defendant's motion to reduce the OWI-3d charge because defendant failed to demonstrate that the 2011 OWI proceedings violated defendant's right to counsel. We agree.

### A. STANDARD OF REVIEW

The circuit court's reduction of defendant's OWI-3d charge is an issue of law that we review de novo. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999).

### B. LAW AND ANALYSIS

Prior convictions are sometimes used to enhance a charge for a later offense. See, e.g., MCL 257.625(11). However, if the earlier conviction resulted from a violation of the defendant's Sixth Amendment right to counsel,[3] a defendant may avoid a charge enhancement by collaterally attacking the earlier uncounseled conviction. Our Supreme Court explained this process in *People v Carpentier*, 446 Mich 19, 29; 521 NW2d 195 (1994).

Pursuant to *Carpentier*, the defendant has the initial burden of presenting prima facie evidence that the earlier conviction was violative of their constitutional right to counsel. *Id*. at 31. To satisfy this burden, a defendant can take one of two "approaches." *Id*. Under the first approach, a defendant must present "prima facie proof that a previous conviction was violative of *Gideon*,[4] such as a docket entry showing the absence of counsel or a transcript evidencing the same." *Carpentier*, 446 Mich at 31 (footnote added). Alternatively, the second approach allows a defendant to "present[] evidence that the defendant requested such records from the sentencing court and that the court either (a) failed to reply to the request, or (b) refused to furnish copies of the records, within a reasonable time." *Id*. If the defendant satisfies their burden, then the trial court holds a *Tucker* hearing, and the burden shifts to the prosecution "to establish the constitutional validity of the prior conviction." *Id*.

In this case, defendant did not satisfy either approach. Regarding the first approach, it is undisputed that defendant was unrepresented during the proceedings related to his 2011 OWI conviction. However, this is not sufficient proof that the prior conviction was violative of *Gideon*. *Gideon* and its progeny hold that the right to counsel only attaches when a criminal incarceration is actually imposed, not when incarceration is merely a *possible* penalty. *Gideon v Wainwright*, 372 US 335, 344; 83 S Ct 792; 9 L Ed 2d 799 (1963) ("[A]ny person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him."); *Argersinger v Hamlin*, 407 US 25, 37; 92 S Ct 2006; 32 L Ed 2d 530 (1972) ("[A]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."); *Scott v Illinois*, 440

---

[3] The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence." US Const, Am VI; see also Const 1963, art 1, § 20.

[4] *Gideon v Wainwright*, 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963).

US 367, 373-374; 99 S Ct 1158; 59 L Ed 383 (1979) ("[A]ctual imprisonment [i]s the line defining the constitutional right to appointment of counsel."); see also *People v Reichenbach*, 459 Mich 109, 126; 587 NW2d 1 (1998) ("[I]f actual imprisonment is not imposed, the conviction is not infirm.").

The undisputed evidence in this case demonstrated that defendant was not actually incarcerated as a result of his 2011 OWI conviction. During the hearing before the circuit court, defendant produced the register of actions from his 2011 OWI conviction. The register of actions indicates that, while defendant was required to pay fines and costs, he was not sentenced to a term of incarceration. Thus, defendant failed to offer evidence of a *Gideon* violation because he did not demonstrate incarceration was the actual penalty for his 2011 OWI conviction. Therefore, the circuit court had no basis to reduce defendant's charge under the first approach described in *Carpentier*.

Defendant also failed to make a prima facie showing under the second *Carpentier* approach. Defendant requested the records related to his 2011 OWI conviction and received a letter from the court administrator indicating the records had been destroyed under the court's established record retention policy. Sending a letter in response to defendant's request is not a "fail[ure] to reply" to defendant's request. *Carpentier*, 446 Mich at 31. Similarly, the court did not "refuse to furnish" the records because the court could not produce something it did not have and was no longer required to keep. *Id*. Because defendant failed to present evidence of a failure or refusal to produce records, defendant did not satisfy his burden of proof under the second approach described in *Carpentier*, and the circuit court was precluded from reducing defendant's charge on this basis.

The circuit court erred when it granted defendant's motion for a reduction of his charge because defendant failed to satisfy his burden of proof necessary to collaterally attack his 2011 OWI conviction. Therefore, we vacate defendant's plea and order the circuit court to reinstate defendant's OWI-3d charge. We remand this case to the circuit court for further proceedings.

Reversed and remanded. We do not retain jurisdiction.


/s/ Sima G. Patel
/s/ Thomas C. Cameron
/s/ Anica Letica