*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

MALCOLM DWAYNE HAYNES,

       Defendant-Appellant.

UNPUBLISHED
May 30, 2024

No. 362378
Berrien Circuit Court
LC No. 2021-002648-FH

Before: YATES, P.J., and CAVANAGH and BOONSTRA, JJ.

PER CURIAM.

Defendant, Malcolm Dwayne Haynes, sexually assaulted a 73-year-old woman who was his neighbor in an adult foster-care home. As a result, defendant was charged with second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(f) (causing personal injury to the victim and force or coercion is used to accomplish sexual contact), and assault with intent to commit criminal sexual conduct involving sexual penetration, MCL 750.520g(1). Defendant elected to plead guilty to the CSC-II charge in exchange for dismissal of the other charge and a promise not to treat him as a habitual offender. The trial court accepted defendant's plea and then sentenced him to serve 120 to 180 months in prison, with credit for 182 days served. On appeal, defendant challenges the scoring of Prior Record Variables (PRVs) 1, 2, and 5 because the trial court relied on convictions for failing to register under the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*. Also, defendant contests the scoring of Offense Variable (OV) 11 because the conduct on which the trial court relied in scoring OV 11 was related to the dismissed charge. Finally, defendant asserts that the trial court's sentence, which exceeded the sentencing guidelines range, was disproportionate and the trial court provided an inadequate justification for that sentence. We conclude that the trial court properly scored the sentencing guidelines, but failed to offer an adequate justification for the above-guidelines sentence. Therefore, we affirm the scoring of defendant's sentencing guidelines, but we vacate defendant's departure sentence and remand the case to allow the trial court to provide further justification for the departure or to resentence defendant.

# I. FACTUAL BACKGROUND

On August 10, 2021, defendant sexually assaulted his elderly neighbor at an adult foster-care home in Benton Harbor. While the victim was in her bedroom, defendant approached her from behind, threw her on the bed, tore off her pants and underwear, and physically and sexually assaulted her. According to a police report, the victim did not know whether defendant penetrated her vagina with his penis, but she explained that she was in pain and she was taken to Spectrum Lakeland Hospital for an examination.

Defendant was charged with two crimes, CSC-II and assault with intent to commit criminal sexual conduct involving sexual penetration. Defendant and his attorney negotiated an agreement that provided for dismissal of the charge of assault with intent to commit sexual penetration and a promise not to pursue a habitual-offender enhancement in exchange for a plea of guilty to CSC-II. At the plea hearing on November 21, 2021, defendant stated under oath that he sexually assaulted the victim by penetrating her vagina with his penis without her permission and that the penetration injured her. The trial court accepted defendant's guilty plea.

The presentence investigation report (PSIR) documented defendant's extensive criminal history. In 2003, defendant was convicted of assault with intent to commit CSC-II, which required defendant to register under SORA. Defendant thereafter pleaded guilty to failure to register under SORA in September 2008, June 2010, and February 2011. Defendant also pleaded guilty to failure to comply with a reporting duty under SORA in March 2010. Defendant also had numerous other convictions, but those other convictions have no bearing on the outcome of this appeal.

In a sentencing memorandum, defendant argued that all of his previous SORA convictions were unconstitutional because they violated the Ex Post Facto Clauses of the Michigan and United States Constitutions. Defendant asserted that it was an ex post facto punishment to apply the 2006 SORA amendments to him because his conviction requiring SORA registration occurred in 2003. Defendant further reasoned that, because his SORA convictions in 2008, 2010, and 2011 were all unconstitutional, the trial court could not rely on those convictions to score his PRVs in this case. At defendant's sentencing hearing on February 7, 2022, however, the trial court rejected that claim and used the SORA convictions to increase defendant's PRV score.

The parties also contested the scoring of OV 11. That dispute turned on whether evidence established that defendant penetrated the victim. After reviewing the transcript of the plea hearing, the trial court found that OV 11 should be scored at 25 points because, although defendant pleaded guilty to the offense of CSC-II causing injury, defendant admitted at the plea hearing that he had penetrated the victim's vagina with his penis.

The trial court calculated defendant's PRV score at 85 points and his OV score at 45 points, which resulted in a minimum guidelines range of 50 to 100 months' imprisonment. The prosecutor asked the trial court to sentence defendant to a minimum term at least at the top of the guidelines range because of his prior violent crimes and because of the egregious nature of the sexual assault against a 73-year-old victim. Defense counsel argued that defendant had schizophrenia and other mental-health problems that affected his judgment during the offense of conviction as well as his previous crimes. Consequently, defense counsel asked the trial court to sentence defendant at the low end of the guidelines range, but the trial court declined to consider defense counsel's assertions

about defendant's mental illness because the forensic report prepared in the case was not submitted for the trial court's review.

The trial court observed that the guidelines did not adequately account for the kind of crime that defendant committed in attacking a 73-year-old woman and causing her to suffer "so greatly" and there were substantial and compelling reasons to sentence defendant to a minimum term above the recommended guidelines range. The trial court sentenced defendant to serve 120 to 180 months in prison with credit for 182 days in jail. Defendant now appeals that sentence.

## II. LEGAL ANALYSIS

Defendant presents three challenges to his sentence. First, he contends that the trial court should not have counted certain prior convictions in scoring the PRVs because those convictions were unconstitutional. Second, defendant argues that the trial court erred in scoring 25 points for OV 11 because the trial court relied on conduct that formed the basis of a charge that the prosecutor dismissed. Finally, defendant insists that his sentence was disproportionate and that the trial court failed to provide a justification for departing from the prescribed sentencing guidelines range. We shall address those three issues in turn.

## A. PRIOR RECORD VARIABLES 1, 2, AND 5

Defendant challenges the trial court's scoring of PRVs 1, 2, and 5, asserting that his prior convictions for violations of the registration and reporting requirements of the 2006 SORA were unconstitutional because he was convicted of CSC-II in 2003, so it was an ex post facto punishment to convict him of violating the 2006 SORA. Defendant cannot directly contest the constitutionality of those convictions here in an effort to invalidate them, but he nonetheless contends that the trial court impermissibly relied on those convictions in the scoring of PRVs. Because defendant cannot collaterally attack the validity of his prior convictions, however, the trial court did not err in relying on defendant's prior convictions in its PRV scoring.

When addressing a challenge to the scoring of sentencing variables, this Court reviews the trial court's factual findings for clear error and reviews de novo whether the facts are adequate to meet the statutory criteria for scoring the variables. *People v Maben*, 313 Mich App 545, 549; 884 NW2d 314 (2015). The trial court's findings of fact are clearly erroneous if this Court is definitely and firmly convinced that the trial court made a mistake. *People v Armstrong*, 305 Mich App 230, 242; 851 NW2d 856 (2014). "The proper interpretation and application of the statutory sentencing guidelines is a question of law that this Court reviews de novo[,]" *id*. at 243, and this Court reviews constitutional issues de novo. *People v Benton*, 294 Mich App 191, 203; 817 NW2d 599 (2011).

A collateral attack exists "whenever a challenge is made to a judgment in any manner other than through direct appeal." *People v Howard*, 212 Mich App 366, 369; 538 NW2d 44 (1995). Addressing the limitations on the right to bring a collateral attack, the United States Supreme Court held that the right to collaterally attack prior convictions used for sentence enhancement is limited to situations where the alleged deficiency in the prior convictions involves a violation of the right to appointed counsel. *Custis v United States*, 511 US 485, 495-496; 114 S Ct 1732; 128 L Ed 2d 517 (1994). In *Custis*, the Supreme Court declined to extend the right to collaterally attack prior convictions used for sentence enhancements beyond that circumstance. *Id*. at 496. Therefore, the

Supreme Court ruled that the defendant could not collaterally attack a prior conviction by arguing that he received ineffective assistance of counsel, that his guilty plea was not knowing or voluntary, or that he was not appropriately advised of his rights. *Id*. The Supreme Court identified the theme underlying a string of its previous decisions as being that "failure to appoint counsel for an indigent defendant was a unique constitutional defect." *Id*.

Also, the Supreme Court held that "[e]ase of administration" supported limiting collateral attacks in this manner. *Id*. It explained that while a "failure to appoint counsel at all will generally appear from the judgment roll itself," the determination of other claims would require sentencing courts to rummage through transcripts and records. *Id*. The Supreme Court also cited "finality of judgments" as a reason to disallow collateral attacks on prior convictions at sentencing. *Id*. at 497. That consideration is especially important in cases where the prior convictions "are based on guilty pleas, because when a guilty plea is at issue, the concern with finality served by the limitation on collateral attack has special force." *Id*. at 497 (quotation marks and citation omitted).

Michigan courts addressing this issue have found "the reasoning of *Custis* both persuasive and consistent with Michigan common law." *People v Carpentier*, 446 Mich 19, 29; 521 NW2d 195 (1994). Under the general rule, a collateral challenge to a prior conviction is only appropriate when the prior conviction was obtained in violation of the defendant's right to counsel. *Id*. at 28-30; see also *Howard*, 212 Mich App at 370 ("Collateral attacks on the validity of a prior plea are not permitted where the defendant was represented by counsel."); *People v Ingram*, 439 Mich 288, 296; 484 NW2d 241 (1992) (concluding that the only plea-based convictions subject to collateral attack are those involving deprivations of the right to counsel). "The validity of such a plea, where the defendant was represented by an attorney when entering the plea or when the defendant intelligently waived the right to counsel, including the right to court-appointed counsel if indigent, is unassailable." *Ingram*, 439 Mich at 295.

Here, defendant contests the scoring of PRVs 1,[1] 2,[2] and 5.[3] Of the prior convictions listed on defendant's PSIR, he does not dispute the validity of one prior high-severity felony conviction, one prior low-severity felony conviction, and five prior misdemeanor convictions. But he argues that the trial court incorrectly counted one high-severity felony conviction, two low-severity felony convictions, and one misdemeanor conviction because those four convictions were all based upon defendant's failure to register or comply with a reporting obligation imposed by the 2006 SORA

---

[1] The trial court should assess 50 points for PRV 1 when a defendant has two prior high severity felony convictions. MCL 777.51(1)(b). When a defendant has one prior high severity felony conviction, the trial court should assess 25 points for PRV 1. MCL 777.51(1)(c). A "high severity felony" is defined as a crime listed in offense class M2, A, B, C, or D. MCL 777.51(2)(a).

[2] For PRV 2, a trial court should assess 20 points when the defendant has three prior low severity felony convictions, see MCL 777.52(1)(b). A "low severity felony conviction" includes a conviction for "[a] crime listed in offense class E, F, G, or H." MCL 777.52(2)(a).

[3] For PRV 5, a trial court should assess 15 points when the defendant has 5 or 6 prior misdemeanor convictions. MCL 777.55(1)(b).

and were unconstitutional. As a result, defendant insists that the trial court improperly scored PRV 1 and 2 by counting those unconstitutional convictions.[4]

Before considering the validity of the prior convictions, we must decide whether defendant has a right to contest those prior convictions in this appeal. The general rule in Michigan suggests that defendant has no right to collaterally attack those prior convictions because this is not a direct appeal and he is not asserting that he was denied his right to counsel in the prior convictions. See *Carpentier*, 446 Mich at 28-30; see also *Howard*, 212 Mich App at 369, 370. Defendant cites several cases to support his argument that this is a valid collateral attack on his previous plea-based convictions. But in every case defendant cites, the alleged defect in the underlying conviction was a failure to provide counsel. See *Burgett v Texas*, 389 US 109, 114-115; 88 S Ct 258; 19 L Ed 2d 319 (1967); *United States v Tucker*, 404 US 443, 447; 92 S Ct 589; 30 L Ed 2d 592 (1972). Defendant argues that the holdings in those cases should be extended to support his position that he has the right to collaterally attack his prior convictions even when the purported defect in those convictions does not involve the absence of counsel, but no authority supports such an extension. Rather, this Court has consistently held that the only instance in which a defendant can collaterally attack a previous conviction is when the defendant was denied the right to counsel in the underlying conviction. *Carpentier*, 446 Mich at 28-30; *Howard*, 212 Mich App at 370. Because defendant cannot mount a collateral attack on his prior convictions here, we ought not address whether those convictions were valid. Consequently, the trial court did not err in relying on those convictions in scoring defendant's sentencing guidelines, including PRVs 1 and 2.

## B. OFFENSE VARIABLE 11

Next, defendant contends that the trial court erred in scoring 25 points under OV 11 because it considered the penetration of the victim, which defendant asserts was conduct related to a charge the prosecutor dismissed as part of the plea agreement. "Offense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable." *People v McGraw*, 484 Mich 120, 133; 771 NW2d 655 (2009); *People v Gray*, 297 Mich App 22, 32; 824 NW2d 213 (2012) (for purposes of scoring the offense variables, "we only examine the 'conduct' related to the sentencing offense unless otherwise indicated . . . ."). In *McGraw*, our Supreme Court concluded that, for purposes of scoring an offense variable that did not provide for consideration of conduct that occurred after completion of the sentencing offense, the trial court could only consider the defendant's conduct during the sentencing offense, and could not consider the defendant's conduct after the completion of that offense. *McGraw*, 484 Mich at 133-134. The Supreme Court also cautioned against considering conduct that formed the basis of any charge that the prosecutor had agreed to dismiss, stating that it would be "fundamentally unfair" to permit the prosecutor to dismiss a charge in brokering a plea bargain and "then resurrect it at sentencing in

---

[4] Defendant acknowledges that even if this Court concludes that the trial court erroneously counted the one prior misdemeanor conviction, it would not diminish the points assessed under PRV 5. Defendant does not dispute that he has five prior misdemeanor convictions and PRV 5 is assessed 15 points when a defendant has 5 or 6 prior misdemeanor convictions. See MCL 777.55(1)(b). But defendant argues that this offense should be removed from his PSIR.

another form." *Id*. at 134. Our Supreme Court explained that if the prosecution wanted to punish defendant for that other conduct, it should not have dismissed the charge. *Id*.

Pursuant to OV 11, the trial court should assess 25 points if one criminal sexual penetration occurred. MCL 777.41(1)(b). The court should "[s]core all sexual penetrations of the victim by the offender arising out of the sentencing offense." MCL 777.41(2)(a). Because OV 11 states that the trial court should consider all penetrations "arising out of the sentencing offense," a sentencing court may look to conduct beyond the offense of conviction. See *McGraw*, 484 Mich at 133. Our Supreme Court interpreted the phrase "arising out of" as suggesting "a causal connection between two events of a sort that is more than incidental." *People v Johnson*, 474 Mich 96, 101; 712 NW2d 703 (2006). As our Supreme Court explained: "Something that 'arises out of,' or springs from or results from something else, has a connective relationship, a cause and effect relationship, of more than an incidental sort with the event out of which it has arisen." *Id*. (alteration omitted). In that case, our Supreme Court addressed whether certain penetrations could be scored under OV 11 and whether there existed the requisite relationship between the penetrations and the criminal sexual conduct for which the defendant was being sentenced. *Id*. There, our Supreme Court ruled that penetrations that occurred on separate days did not arise out of each other. *Id*. at 102.

Here, the trial court reviewed the plea transcript, and, satisfied that defendant had admitted he penetrated the victim's vagina with his penis, assessed 25 points under OV 11. Defendant was convicted by his guilty plea of CSC-II for causing personal injury to the victim and using force or coercion to accomplish the sexual contact. See MCL 750.520c(1)(f). During the plea colloquy, defendant stated that he penetrated the victim's vagina with his penis, which caused injury to the victim. Injury to the victim was an element of the sentencing offense, see *id*., and by defendant's admission, it was the penetration that caused the injury. Not only did the penetration arise out of the sentencing offense, it was actually part of the sentencing offense. Accordingly, the trial court did not err in finding that one criminal sexual penetration occurred or in assessing 25 points under OV 11 based on that one criminal sexual penetration.

Defendant contends that the trial court was precluded from considering the penetration for the purposes of scoring OV 11 because the penetration was the basis of a charge that the prosecutor dismissed pursuant to the plea agreement. Defendant offers no authority to support his claim that a trial court cannot consider conduct that was part of the sentencing offense if that conduct formed the basis of a charge that was dismissed. The caselaw defendant cites suggests that, for the purpose of scoring the offense variables, the trial court cannot consider conduct that formed the basis of a charge the prosecution dismissed if that conduct was not also part of, or related to, the sentencing offense. See *McGraw*, 484 Mich at 133-134; *Gray*, 297 Mich App at 32. But those cases do not support the theory that the trial court could not consider conduct that formed the basis of a charge that was dismissed when that conduct was also part of the sentencing offense. Rather, those cases reiterated the established principle that the sentencing court may consider conduct related to the sentencing offense. *McGraw*, 484 Mich at 133-134; *Gray*, 297 Mich App at 32. The fact that the penetration here may also have formed the basis of a charge that was dismissed does not change the fact that it was part of the sentencing offense. Thus, the trial court acted within its authority in considering the penetration in scoring OV 11. See *McGraw*, 484 Mich at 133.

## C.  PROPORTIONALITY AND UPWARD DEPARTURE

Finally, defendant claims his prison sentence of 120 to 180 months was disproportionate to the offense and the offender, and that the trial court failed to provide sufficient justification for imposing a sentence that departed from the sentencing guidelines range.  The prosecution disputes defendant's contention that the sentence is disproportionate, but agrees that the trial court failed to provide sufficient justification for imposing a departure sentence.  The principle of proportionality, which is a part of the sentencing guidelines, *People v Steanhouse*, 500 Mich 453, 472; 902 NW2d 327 (2017), mandates that a sentence must be proportionate to the seriousness of the matters, taking "into account the nature of the offense and the background of the offender."  *People v Dixon-Bey*, 321 Mich App 490, 521; 909 NW2d 458 (2017) (quotation marks and citation omitted).  Whenever a sentence "departs from the applicable guidelines range [it] will be reviewed by an appellate court for reasonableness."  *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015).  Under that approach, "[t]he relevant question for appellate courts reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the principle of proportionality."  *Dixon-Bey*, 321 Mich App at 520 (quotation marks and citation omitted).

If the trial court imposes a sentence that departs from the minimum sentencing guidelines, "[t]he trial court bears the burden of articulating the rationale for the departure it made."  *People v Smith*, 482 Mich 292, 318; 754 NW2d 284 (2008).  If the trial court's reasons for departing from the sentencing guidelines range are unclear, this Court "cannot substitute its own judgment about why the departure was justified."  *Id*. at 304.  "Nor may [this Court] speculate about conceivable reasons for departure that the trial court did not articulate or that cannot reasonably be inferred from what the trial court articulated."  *Id*. at 318.  The appropriate remedy when this occurs is to remand the case to the trial court for either resentencing or further articulation of the reasons for departure.  *People v Babcock*, 469 Mich 247, 258-259; 666 NW2d 231 (2003).

Here, the sentencing guidelines range was 50 to 100 months, but the trial court sentenced defendant to a minimum term of 120 months in prison, an upward departure of 20 months.  In its explanation, the trial court stated that it was not going to consider defendant's purported mental illness because the forensic report was not submitted to the court.  The trial court explained that the sentencing guidelines did not anticipate this type of situation in which the victim suffered "so greatly," so the trial court was "going to find substantial and compelling reasons to deviate above the guidelines."  The only explanation the trial court offered for its departure sentence was that the 73-year-old victim "suffered so greatly."  As the prosecution appropriately concedes, that limited explanation is insufficient to facilitate appellate review of that sentence.  See *Dixon-Bey*, 321 Mich App at 525.

The trial court did not explain why the departure sentence imposed was more proportionate than a different sentence would have been.  See *id*.  Moreover, physical and psychological injury are addressed in OV 3 (physical injury to victim), MCL 777.33, and OV 4 (psychological injury to victim), MCL 777.34.[5]  In imposing a departure sentence, the trial court did not explain how the

---

[5] The trial court assessed zero points for OV 3 because, although there was evidence that the victim was injured, bodily injury was an element of the sentencing offense.  See MCL 777.33(2)(d).  The

victim's suffering was not considered, or not given adequate weight, by the guidelines. See *Dixon-Bey*, 321 Mich App at 525. This is especially true for OV 4, for which the trial court assessed 10 points, reflecting that the victim had incurred a serious psychological injury requiring professional treatment. MCL 777.34(1)(a). Without passing judgment on the proportionality of the departure sentence that the trial court imposed, we vacate defendant's sentence and remand the case to the trial court to allow the trial court to provide further justification for the departure sentence imposed or to resentence defendant. See *Babcock*, 469 Mich at 258-259. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Mark J. Cavanagh
/s/ Mark T. Boonstra

---

trial court assessed 10 points for OV 4. See MCL 777.34(1)(a) (prescribing 10 points if "[s]erious psychological injury requiring professional treatment occurred to a victim . . . .").